UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON ABNEY,

     Plaintiff,

v.

McDONALD'S CORPORATION, et al.,

     Defendants.

Case No. 26-cv-11271

Honorable Robert J. White

## OPINION AND ORDER GRANTING McDONALD'S CORPORATION'S MOTION TO DISMISS THE COMPLAINT

I.    Introduction

Devon Abney commenced this *pro se* public accommodations discrimination action against McDonald's Corporation, its chief executive officer, and two individual employees[1] (the "McDonald's Defendants").  The complaint alleges that the McDonald's Defendants violated 42 U.S.C. § 1983 and Title II to the Civil Rights Act of 1964, when the individual employees demanded that Abney place a food service order as a condition of remaining in the restaurant.

---

[1] The Court does not opine upon whether the individual workers were McDonald's employees or those of the franchisee who owns the local restaurant.

Before the Court is McDonald's Corporation's motion to dismiss the complaint. (ECF No. 7).  Abney responded. (ECF No. 11).  The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).  For the following reasons, (1) the motion is granted as to all the McDonald's Defendants, and (2) the complaint is dismissed with prejudice.

II.     Background

A.      *Factual History*

On the morning of April 19, 2023, Abney entered a McDonald's fast-food restaurant located in Detroit, Michigan. (ECF No. 1, PageID.5; *see also* PageID.12, ¶ 9).  He attempted to place an order through a self-service kiosk that he claims was inoperable. (*Id.*, PageID.13-14, ¶¶ 16-18).  Abney sat down at a counter-top table and began using his "smart device" after accessing the restaurant's free Wi-Fi. (*Id.*, PageID.15, ¶¶ 23-24).  Two restaurant employees informed Abney that he could not remain in the establishment unless he placed a food service order. (*Id.*, PageID.17-19, ¶¶ 32-42).  They called the police when Abney refused to comply. (*Id.*, PageID.20, ¶ 45).  A Detroit police officer eventually arrived at the scene, questioned Abney briefly, and left without intervening. (*Id.*, PageID.19-21, ¶¶ 43-52).

B.      *Procedural History*

Abney filed this lawsuit against the McDonald's Defendants alleging violations of the Fourth and Fourteenth Amendments to the United States

2

Constitution, the Michigan Constitution's Equal Protection Clause, the Elliott-Larsen Civil Rights Act, and Title II to the Civil Rights Act of 1964.  McDonald's Corporation now moves to dismiss the complaint in its entirety.[2] (ECF No. 7).

III.    Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

IV.    Analysis

*A.    Substantive Claims*

Abney's 42 U.S.C. § 1983 claim – asserting violations of the Fourth and Fourteenth Amendments – fails as a matter of law.  To allege a plausible section 1983 claim, a plaintiff must show that (1) he was deprived of a right, privilege, or

---

[2] McDonald's Corporation alternatively moves for summary judgment since it attaches material to the motion that is extraneous to the pleadings. (ECF No. 7-3). The Court declines to consider this material since it dismisses the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(d).

immunity secured by the United States Constitution or a federal statute, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978).  Because the McDonald's Defendants are not state actors Abney cannot satisfy this showing. *See Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018).  Nor does the complaint suggest that the requisite circumstances exist to deem them as such. *See id.*

Abney's state constitutional claim suffers from a similar defect.  A violation of the Michigan Constitution's Equal Protection Clause requires a plausible allegation of state action. *See Scalise v. Boy Scouts of America*, 265 Mich. App. 1, 20 (2005) (holding that "the Michigan Constitution, like the United States Constitution, only protects individuals from discriminatory state action.") (internal quotation marks omitted); *see also Woodland v. Mich. Citizens Lobby*, 423 Mich. 188, 208-09 (1985).  None exists here because, again, the McDonald's Defendants are not state actors.  What is more, Michigan's courts do not recognize a private "a cause of action for money damages or other compensatory relief for past violations of Const 1963, art 1, § 2." *Lewis v. State*, 464 Mich. 781, 789 (2001); *see also Botsford General Hospital v. State*, No. 257500, 2005 Mich. App. LEXIS 804, at *25 (Mich. Ct. App. Mar. 22, 2005).

The purported violations of the Elliott-Larsen Civil Rights Act lack merit as well.  Abney does not allege that the McDonald's Defendants denied him access to

a public accommodation or service because he is a member of a protected class. *See* Mich. Comp. Laws § 37.2302(a); *Hedstrom v. Compass Props., LLC*, No. 334305, 2017 Mich. App. LEXIS 2075, at \*8-9 (Mich. Ct. App. Dec. 19, 2017).  And he does not assert that the McDonald's Defendants engaged in conduct that would violate Mich. Comp. Laws § 37.2302(b), *i.e.*, posting a notice in the restaurant that services "will be refused, withheld from, or denied" to customers based upon their membership in a protected class.

Lastly, insofar as Abney alleges violations of Title II to the Civil Rights Act of 1964, which forbids discrimination in public accommodations, he does not contend that the McDonald's Defendants denied him access to a public accommodation because he is a member of a protected class.[3] *See* 42 U.S.C. §§ 2000a, 2000a-1; *see also McComb v. Best Buy Co., Inc.*, No. 24-3900, 2025 U.S. App. LEXIS 13499, at \*4-5 (6th Cir. Jun. 2, 2025).  At any rate, since "Title II entitles successful plaintiffs to injunctive relief only," Abney cannot recover money damages – the exclusive form of relief he seeks in the complaint. *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990); *see also Washington v. Riverview Hotel, Inc.*, No. 21-5510, 2022 U.S. App. LEXIS 6303, at \*8 (6th Cir. Mar. 10, 2022).

---

[3] Abney references "42 U.S.C. § 2000e, Sec. 208(b)(2)" as the federal statute that prohibits discrimination in public accommodations. (ECF No. 1, PageID.10, 24, ¶¶ 1, 61).  That provision does not appear to exist.

Because none of the asserted causes of action state a plausible claim for relief the complaint must be dismissed.

### B.      The Non-Moving Defendants

One final procedural note.  Although McDonald's Corporation is the only party seeking dismissal of the substantive claims, these same allegations fail to state a plausible claim for relief against the non-moving defendants, the two unknown individual employees.[4]  "A court may grant a motion to dismiss even as to non-moving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987).

This rule even extends to non-moving defendants who, like the two unknown employees, never appeared in the action. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); *see also Lee v. Flint Cmty. Sch.*, No. 22-13134,

---

[4] McDonald's Corporation's attorneys did not file a notice of appearance, or move to dismiss the complaint, on behalf of the two unknown employees since counsel maintains that the employees worked for the franchisee who owns the local restaurant. (ECF No. 7, PageID.48-53).

2023 U.S. Dist. LEXIS 184816, at *6 (E.D. Mich. Oct. 13, 2023).  So the Court possesses the authority to dismiss the complaint on the basis of implausibility where that determination encompasses the allegations asserted against all the McDonald's Defendants.  Accordingly,

IT IS ORDERED that McDonald's Corporation's motion to dismiss the complaint (ECF No. 7) is granted as to all the McDonald's Defendants.

IT IS FURTHER ORDERED that the complaint is dismissed (ECF No. 1) with prejudice.

Dated: June 11, 2026                    s/ Robert J. White
                                        Robert J. White
                                        United States District Judge

7